**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **v.** | **1:23-cv-01943-MLB-RDC** |
| **DILLARD'S, INC.,** | |
| **Defendant.** | **JURY TRIAL DEMAND** |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Dillard's, Inc. ("Dillard's" or "Defendant"), unlawfully retaliated against Charging Party Shiellah Tobert ("Tobert") when, *inter alia*, Defendant terminated her employment by refusing to ask her to return from furlough because of her internal complaint of discrimination. Dillard's denies the Commission's allegations.

The Commission and Dillard's (collectively, the "Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, successors, and assigns of Defendant; and (5) this Consent Decree resolves all matters in controversy between and among the parties as provided in paragraphs 1 through 20, below.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** as follows:

1.      Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or the ADA, because of their assistance to another individual in securing or enjoying any right or privilege

under Title VII or the ADA, because of their own use or enjoyment of any right or privilege under Title VII or the ADA, because of the filing of a Charge of Discrimination, or because of the giving of testimony or assistance or other participation in any investigation, proceeding, or hearing under that statute.

2.     Defendant shall pay Tobert a total settlement amount of $70,000.00 (Seventy Thousand USD and No Cents) in settlement of the claims raised in this action. Of this amount, $5,000.00 shall be wages, and $65,000.00 shall be non-wage income. Defendant shall make payment by issuing one or more checks payable to Tobert. Full payment shall be made within ten (10) business days after the Court approves this Consent Decree. Defendant's payment to Tobert shall be sent via secure overnight delivery at an address to be provided in writing to Defendant. Within ten (10) days after the check(s) have been sent, Defendant shall certify to the Commission, under oath, the delivery of the payment to Tobert.

No party to this Consent Decree shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Tobert may incur on such payment under local, state and/or federal law.

The Commission may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from

the employer's taxes. If required to do so, the Commission will provide the employer(s) with a copy of the 1098-F form that it will provide to the IRS.

      a.   Within ten (10) business days of the signing of this Decree, Defendant agrees to provide the Commission (1) the Employer's EIN(s) and (2) the individual and physical address(es) to whom the Commission should mail the copy of the Form 1098-F, if the Commission is required to issue one. Any identified individual must be an employee of the Defendant.

      b.   The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

      c.   The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

      d.   Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission.

      e.   The Parties are not acting in reliance on any representation made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code

3.     If Tobert does not receive the payment(s) described in paragraph 2, above, by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any traditional costs caused by non-compliance or delay, including but not limited

to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

4.      Dillard's will provide prospective employers of Tobert with a neutral reference upon request, which will consist solely of dates of employment and positions held. Tobert will advise all prospective employers to direct any inquiry regarding her employment to The Work Number, www.theworknumber.com or 1-800-367-5690. Dillard's company code is 10573. In addition, within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel file of Tobert any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2020-08043, including all documents referring to, reflecting, or revealing:

    a.  any and all requests made by Tobert for an accommodation for her pregnancy or any pregnancy-related complication, as well as any response by Defendant or internal discussion or record thereof;

    b.  any and all complaints of discrimination made by Tobert to Defendant related to the substance of the above-identified Charge of Discrimination or the Complaint in this action, including any

investigation undertaken by Defendant as well as any action recommended or undertaken as a result of any such investigation;

c. any and all documents obtained, created, edited, or otherwise referenced in relation to the EEOC's investigation into the above-referenced Charge of Discrimination.

Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.     Defendant shall maintain and/or revise the attached anti-retaliation policy (the "Policy") consistent with the terms of this Consent Decree throughout its effective duration. A copy of the Policy is attached hereto as **Exhibit A**. The Policy shall be made available to all of Defendant's employees within forty-five (45) calendar days of the Court's entry of this Consent Decree. The Policy shall also be made available to new employees within thirty (30) days of hire. A copy of the Policy shall be included in Defendant's employee handbook. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance of this provision to the Commission.

6.     For all Stores in the Dillard's District that includes Store 260 (current SM Shawn Laurence) and Store 248 (current SM Patrick Carter), Defendant shall provide an annual, mandatory training program to all human resources,

management, and supervisory personnel in the chain of command for each Store up to the District Manager level, as well as, for each Store, any other employees tasked with receiving, processing, investigating, and/or evaluating internal complaints of discrimination, retaliation, or other unfair treatment. A list of Stores in the District is attached as **Exhibit B**. Each training program shall include, at a minimum: (a) an explanation of the Policy attached as Exhibit A; (b) a description of the anti-retaliation provisions of the ADA and Title VII; and (c) the types of conduct and/or policies that constitute unlawful retaliation.

The first training program shall be completed within ninety (90) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. The individual intensive training programs to be provided to Shawn Laurence and Patrick Carter as described in this Consent Decree will satisfy this requirement for Shawn Laurence and Patrick Carter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was

undertaken and shall provide the Commission with a roster of all employees in attendance.

7.     In addition to the training provided in Paragraph, above, Defendant shall provide a one-time, mandatory intensive training program to the following individuals: Shawn Laurence; Patrick Carter; and Gregory Ostberg. In addition to the topics listed in Paragraph 6, above, the intensive training program shall include: (a) an overview of EEO laws and federal and state antidiscrimination requirements for managers; and (b) a written, situational assessment of federal non-discrimination and anti-retaliation requirements in the workplace.

The intensive training program shall be completed within ninety (90) days of the entry of this Consent Decree. At least fifteen (15) business days prior to the intensive training program, Defendant shall submit to the Commission an agenda for the intensive training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted within five (5) business days of submission of the agenda. Within ten (10) business days after completion of the intensive training program, Defendant shall certify to the Commission the specific training which was undertaken, provide the Commission with a roster of all employees in attendance, and provide the Commission with copies of each individual's written assessments.

8.      Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit C**, hereby made a part of this Consent Decree, in all locations listed on Exhibit B, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission of its compliance with all provisions of this paragraph.

9.      All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Dillard's General Counsel Dean Worley at dean.worley@dillards.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) calendar days of the change.

10.      During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information for each Store listed on Exhibit B:

a. the identities of all individuals who have complained of retaliation under any of the statues and/or regulations enforced by the Commission, including, but not limited to, the ADA, Title VII, the EPA, the ADEA, GINA, and the Pregnant Workers Fairness Act (PWFA), including, by way of example, internal complaints of retaliation, whether as experienced by the employee or on behalf of another employee or covered person. For each person identified, Defendant shall include that person's name, address, telephone number, and position title;

b. for each individual identified in paragraph a above, explain what actions were taken by Defendant in response to the individual's report;

c. for each individual identified in paragraph a above, an explanation of whether the individual's employment status has changed in any respect (including, for example, termination, firing, demotion, promotion, transfer of department or store, change in job duties, issuance or documentation of disciplinary action, placement on a progressive discipline plan, performance improvement plan (PIP) or similar system of employee improvement monitoring, or change from full-time to part-time); and

d. for each individual whose employment status has changed as identified in paragraph c. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of each individual identified in response to paragraph 10.a. within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11.     Beginning within sixty (60) days of the entry of this Consent Decree and semi-annually thereafter, for the duration of this Consent Decree, Defendant shall send the Climate Survey attached as **Exhibit D**, in English and Spanish, to all employees of Defendant's Store 260 (SM Shawn Laurence) and Store 248 (SM Patrick Carter) electronically or otherwise, to ensure the most effective means to administer the surveys and to receive a response. The Climate Surveys will allow employees to respond anonymously to assess whether retaliation exists in Defendant's workplace and the effectiveness of Defendant's responses thereto.

12.     Starting within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall provide a physical and/or electronic copy of the Climate Survey described in Paragraph 11 and attached as Exhibit D, above, to all departing

employees of Defendant's Store 260 (SM Shawn Laurence) and Store 248 (SM Patrick Carter), upon the termination of their employment, regardless of the reason for or nature of the termination of employment (hereinafter, Exit Surveys).

13. Within sixty (60) days after administering each set of Climate Surveys described in paragraphs 11 and 12 and attached as Exhibit D, Defendant shall submit a report, electronically to the EEOC (the Survey Report). These Survey Reports will summarize the Climate Survey responses and the Exit Survey responses collected during the prior six months and detail Respondent's actions to address any retaliation alleged in the survey responses.

14. Defendant agrees to save and archive full electronic copies of all Climate Survey responses and Exit Survey responses for the duration of this Consent Decree. Defendant further agrees to provide complete, unredacted copies of any Climate Survey Responses or Exit Survey Responses collected pursuant to this Consent Decree within ten (10) days of receiving a written request by the Commission, including via email.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan

Regional Attorney
U.S. Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

16.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with reasonable prior notice, inspect Defendant's facilities and/or employee intranet for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

17.    If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Upon receipt of such a notice, Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

18.    This Consent Decree shall be in effect for a period of 2.5 years (30 months) from its entry by the Court.

19.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

20.     Except as delineated above, each party shall bear its own costs and attorney's fees.

SO ORDERED this 22nd day of March, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

The Parties jointly request that the Court approve and enter the Consent Decree:

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION: | FOR DEFENDANT DILLARD'S, INC. |
|---|---|
| KARLA GILBRIDE<br>General Counsel<br><br>CHRISTOPHER LAGE<br>Deputy General Counsel<br><br>MARCUS KEEGAN<br>Regional Attorney<br><br>LAKISHA DUCKETT-ZIMBABWE<br>Assistant Regional Attorney | /s/ Lauren H. Zeldin<br>Lauren H. Zeldin<br>Georgia Bar No. 368999<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>191 Peachtree Street, N.E., Suite 4800<br>Atlanta, GA 30303<br>Telephone: (404) 881-1300<br>Facsimile: (404) 870-1732<br>lauren.zeldin@ogletreedeakins.com |

/s/ *Adam T. Mills*
Adam T. Mills
Georgia Bar No. 123930
U.S. Equal Employment Opportunity
Commission
100 Alabama St. SW
Suite 4R30
Atlanta, Georgia 30303
adam.mills@eeoc.gov
Phone: 404-531-4807
Fax: 404-562-6905

EXHIBIT A

## ANTI-RETALIATION POLICY

The Company will not tolerate unlawful harassment or any form of discrimination or retaliation against an individual who either instigated or cooperated in an investigation of alleged harassment, discrimination, or denial of accommodation. Retaliation can include various types of behavior and could include transferring to a lesser workcenter, scheduling less favorable shifts, failing to promote.

EXHIBIT B

| Store # | Mall Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 242 | CORDOVA MALL | 5100 NORTH 9TH AVE | PENSACOLA | FL | 32504 |
| 243 | GOVERNORS SQUARE | 1500 APPALACHEE PARKWAY | TALLAHASSEE | FL | 32301 |
| 247 | PIER PARK CENTER | 200 PIER PARK DRIVE | PANAMA CITY | FL | 32413 |
| 248 | PANAMA CITY MALL | 2298 MARTIN LUTHER KING DR | PANAMA CITY | FL | 32405 |
| 260 | NORTH POINT MALL | 7000 NORTH POINT CIRCLE | ALPHARETTA | GA | 30022 |
| 261 | MALL OF GEORGIA | 3333 BUFORD DRIVE | BUFORD | GA | 30519 |
| 262 | ARBOR PLACE MALL | 6720 DOUGLAS BLVD | DOUGLASVILLE | GA | 30135 |
| 263 | STONECREST MALL | 8000 MALL PARKWAY | LITHONIA | GA | 30038 |
| 264 | PERIMETER MALL | 4500 ASHFORD DUNWOODY ROAD | ATLANTA | GA | 30346 |
| 265 | ATLANTIC STATION | 1371 MARKET STREET | ATLANTA | GA | 30363 |
| 266 | NEWNAN CROSSING | 370 NEWNAN CROSSING BYPASS | NEWNAN | GA | 30265 |
| 268 | THE SHOPPES AT RIVER CROSSING | 5080 RIVERSIDE DRIVE | MACON | GA | 31210 |
| 274 | WIREGRASS COMMONS | 900 COMMONS DRIVE  SUITE 100 | DOTHAN | AL | 36303 |
| 275 | PEACHTREE MALL | 3247 MANCHESTER EXPRESSWAY | COLUMBUS | GA | 31909 |
| 276 | ALBANY MALL | 2601 DAWSON ROAD | ALBANY | GA | 31707 |
| 409 | AVENUE CARRIAGE CROSSING | 4620 MERCHANTS PARK CIRCLE | COLLIERVILLE | TN | 38017 |
| 410 | OAK COURT | 4433 POPLAR AVE | MEMPHIS | TN | 38117 |
| 411 | WOLFCHASE GALLERIA | 2700 NORTH GERMANTOWN ROAD | MEMPHIS | TN | 38133 |
| 412 | SOUTHHAVEN TOWNE CENTER | 230 TOWNE CENTER LOOP | SOUTHHAVEN | MS | 38671 |
| 416 | QUINTARD MALL | 700 QUINTARD DRIVE SUITE 400 | OXFORD | AL | 36203 |
| 417 | COLONIAL UNIVERSITY VILLAGE | 1627  OPELIKA RD SUITE 16 | AUBURN | AL | 36830 |
| 418 | THE SHOPPES AT EASTCHASE | 7310 EASTCHASE PARKWAY | MONTGOMERY | AL | 36117 |
| 421 | GREEN HILLS MALL | 2140 ABBOTT MARTIN ROAD STE 500 | NASHVILLE | TN | 37215 |
| 422 | RIVERGATE MALL | 1000 RIVERGATE PARKWAY | GOODLETTSVILLE | TN | 37072 |
| 425 | COOL SPRINGS GALLERIA | 1796 GALLERIA BLVD | FRANKLIN | TN | 37067 |
| 426 | GOVERNORS SQUARE MALL | 2801 WILMA RUDOLPH BLVD | CLARKSVILLE | TN | 37040 |
| 427 | STONES RIVER MALL | 1720 OLD FORT PARKWAY | MURFREESBORO | TN | 37129 |
| 453 | REGENCY SQUARE MALL | 301 COXCREEK PARKWAY | FLORENCE | AL | 35630 |
| 460 | PARKWAY PLACE | 2801 MEMORIAL PARKWAY SW | HUNTSVILLE | AL | 35801 |

Exhibit C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DILLARD'S, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO.**<br><br>**1:23-cv-01943-MLB-RDC**<br><br><br>**JURY TRIAL DEMAND** |

<u>**EMPLOYEE NOTICE**</u>

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Dillard's, Inc. ("Dillard's"), in a case brought by a former employee alleging retaliation after she complained of perceived unlawful behavior by her Store Manager. As part of the settlement, Dillard's agreed to pay monetary damages to the former employee and to take other actions set out in the Consent Decree resolving this matter. However, Dillard's denies any and all allegations in the Complaint and by entering into this Consent Decree, Dillard's has not admitted to any liability nor were there any findings of wrongdoing by the Court.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.     Dillard's will comply with such federal law in all respects. Furthermore, Dillard's will not take any unlawful actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.     An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

5.     This Notice will remain posted for at least 30 months by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: September 22, 2026.

# EXHIBIT D

CONFIDENTIAL

## **WORKPLACE CLIMATE SURVEY / EXIT SURVEY**

Complete the following survey about your experience at Dillard's. Dillard's wants to hear from you to get an accurate understanding of workplace culture. Honest answers are extremely important. Your responses will remain anonymous.

### **Section I: Demographic Information**

1. Which of the following describes your position?
   a. I am a supervisor or manager. or corporate employee
   b. I do not hold or exercise any supervisory authority

2. Please select your primary work location:
   a. [INSERT LIST OF ALL LOCATIONS]
   b. Prefer not to answer

3. Which of the following describes your gender?
   a. Male
   b. Female
   c. Transgender
   d. Non-binary
   e. Prefer to self-describe (specify)
   f. Prefer not to say

4. Which of the following describes your race?
   a. Black/African American
   b. White
   c. Asian or Pacific Islander
   d. Native American
   e. Hispanic
   f. Other (please specify)
   g. Prefer not to say

5. Do you identify as LGBTQ?
   a. Yes
   b. No
   c. Prefer not to say
   d. Other (please specify)

6. Are you an individual with a disability?
   a. Yes
   b. No
   c. Prefer not to say

    d.   Other (please specify)

7.  Which of the following describes your age?
    a.   18-39
    b.   40-54
    c.   55+

### Section II: Policies and Reporting

8.  **True** or **False**: I received a copy of the Company's harassment, nondiscrimination, and non-retaliation policies within a month of being hired.
    a.   True
    b.   False
    c.   Prefer not to say
    d.   I am not comfortable answering this question

9.  **True** or **False**: I am aware of ***at least*** 3 different ways I can report harassment, discrimination and/or retaliation to the Company.
    a.   True
    b.   False
    c.   Prefer not to say
    d.   I am not comfortable answering this question

10. **True** or **False**: I feel comfortable reporting harassment, discrimination, and/or retaliation to my supervisor/manager.
    a.   True
    b.   False
    c.   Prefer not to say
    d.   I am not comfortable answering this question

11. **True** or **False**: I feel comfortable reporting harassment, discrimination, and/or retaliation to individuals above my supervisor/manager.
    a.   True
    b.   False
    c.   Prefer not to say
    d.   I am not comfortable answering this question

12. **True** or **False**: I feel comfortable reporting harassment, discrimination, and/or retaliation to Corporate/Legal.
    a.   True
    b.   False
    c.   Prefer not to say
    d.   I am not comfortable answering this question

13. **True** or **False**: If I were to report my supervisor/manager for harassment, discrimination, and/or retaliation, I believe that my report would be kept confidential to the greatest extent possible.
    a. True
    b. False
    c. Prefer not to say
    d. I am not comfortable answering this question

14. **True** or **False**: If I were to report my supervisor/manager for harassment, discrimination, and/or retaliation, I believe that he or she would treat me differently.
    a. True
    b. False
    c. Prefer not to say
    d. I am not comfortable answering this question

15. **True** or **False**: I am aware of one or more coworkers who have witnessed harassment, discrimination and/or retaliation but did not report it.
    a. True
    b. False
    c. Prefer not to say
    d. I am not comfortable answering this question

16. I have reported harassment, discrimination or retaliation to the Company in the last 6 months.
    a. True
    b. False
    c. Prefer not to say
    d. I am not comfortable answering this question.

17. If your response to Question 16, was "True," are you satisfied with how your complaint was handed?
    a. Yes
    b. No
    c. Prefer not to say
    d. I am not comfortable answering this question

18. OPTIONAL COMMENTS.

If you would like to make any comments regarding any of the questions above or the answers you provided, please do so in the space provided below. **PLEASE NOTE** – if you wish to remain anonymous, refrain from providing names and other identifying information in your comments.